```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
 NAIM GJIDIJA,                                             :
                                                           :
                                    Plaintiff,             :     18-CV-0259 (LAK) (OTW)
                                                           :
                   -against-                               :     REPORT & RECOMMENDATION
                                                           :
 UNITED STATES OF AMERICA, et al.,                         :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

Plaintiff Naim Gjidija brought this action, primarily alleging negligence and false imprisonment under the Federal Tort Claims Act, 28 U.S.C. § 1346, against Defendants the United States of America, the Federal Bureau of Prisons ("BOP"), the U.S. Department of Justice ("DOJ"), the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), four individuals in their official capacities, and four unnamed John Does. Plaintiff, who claims to be a United States citizen, alleges that Defendants negligently and unlawfully held him in two immigration detention facilities for over two years. Before me for Report and Recommendation is Defendants' Motion to Dismiss Plaintiff's Complaint in accordance with Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for

1

failure to state a claim upon which relief can be granted. (ECF 27). For the reasons that follow, I recommend that Defendants' Motion to Dismiss be **GRANTED**.[1]

I. **Background**

   A. **Facts**[2]

Plaintiff was born in the former Yugoslavia in 1965. (*See* Plaintiff's Opposition to Motion to Dismiss (ECF 31) ("Plaintiff's Opp.") at 25).[3] On April 22, 1968, Plaintiff, his parents, and his six siblings entered the United States. (*Id*. at 3, 21-22). Plaintiff became a lawful permanent resident ("LPR") in 1971. (*Id.* at 25; Declaration of Richard Brooks dated October 10, 2018 (ECF 29) ("Brooks Decl."), Ex. F). His father, Musli Gjidja, became a United States citizen in 1976. (*See* Plaintiff's Opp. at 19). Plaintiff claims that because his father's naturalization occurred before Plaintiff's eighteenth birthday, Plaintiff automatically derived United States citizenship through his father. (*See* Plaintiff's Opp. at 3-4; Compl. ¶ 14; Brooks Decl., Ex. F).

On April 12, 2001, Plaintiff was convicted in New York state court for unlawful possession of marijuana. (Brooks Decl. ¶ 4). On April 28, 2003, ICE issued Plaintiff with a Notice to Appear ("Notice to Appear"), the charging instrument that signals the initiation of removal

---

[1] Plaintiff, while originally represented by counsel, is now *pro se*. This Court granted Plaintiff's counsel's motion to withdraw at the Initial Conference held on May 30, 2018. Plaintiff filed a Notice of Pro Se Appearance on August 8, 2018, (ECF 24), and he has proceeded *pro se* since that time.

[2] The following facts are drawn from the Complaint, Plaintiff's submissions in opposition to Defendants' motion to dismiss, and the Declaration of Richard Brooks ("Brooks Decl."). (ECF 1, 29). *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering *pro se* plaintiff's affidavit in opposition to motion to dismiss); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991) (district court may consider exhibits omitted from a plaintiff's complaint but attached as exhibits to a defendant's motion papers where "there was undisputed notice to plaintiffs of their content and they were integral to plaintiff's claim.").

[3] Citations to Plaintiff's opposition (ECF 31) that specify a page number refer to the ECF page number located at the top of each.

2

proceedings. (Brooks Decl., Ex. A). The Notice to Appear alleged that Plaintiff, an LPR, applied for admission to the United States on or about August 28, 2002 in Buffalo, New York, and charged Plaintiff with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which makes inadmissible any alien convicted of a law "relating to a controlled substance," based on Plaintiff's prior marijuana conviction. (*Id.*).

Six months later, on October 21, 2003, Plaintiff was arrested and charged with conspiracy/attempt to commit robbery (18 U.S.C. § 1951), being a felon in possession of a firearm (18 U.S.C. § 922(g),[4] and mail fraud (18 U.S.C. § 1341). (*See* Plaintiff's Opp. at 38). Plaintiff pleaded guilty to those crimes on March 29, 2004. (*See U.S. v. Gjidija*, 03 Cr. 1256 (JFK)). On July 8, 2004, as Plaintiff awaited sentencing, the New York Immigration Court administratively closed Plaintiff's removal proceedings. (*See* Brooks Decl., Ex. D). Plaintiff was subsequently sentenced to 132 months' imprisonment. (Compl. ¶ 15).

Plaintiff served his sentence at various correctional facilities and completed it at McCreary-FCI. (*Id.* ¶¶ 17-18). On May 20, 2014, the day of Plaintiff's scheduled release, Defendants took Plaintiff into custody and transferred him to Lasalle ICE Processing Center in Louisiana. (*Id.* ¶ 23). ICE had determined that Plaintiff was subject to mandatory detention under 8 U.S.C. 1226(c)(1)(B), which mandates detention of aliens deportable by reason of having committed certain criminal offenses. (*Id.* ¶¶ 19, 20, 23; Brooks Decl. ¶ 8). On June 5, 2014, Defendants filed a motion to re-calendar Plaintiff's removal proceedings—which had been administratively closed since July 8, 2004—and a motion to transfer venue from New York

---

[4] Judge Keenan's Memorandum Opinion and Order on Plaintiff's motion to vacate his sentence, (*see* ECF 168), notes that Plaintiff's prior felony was a July 28, 1983 conviction in Bronx County Supreme Court of attempted burglary in the third degree, for which he was sentenced to one year of imprisonment.

3

to Louisiana. (Brooks Decl. ¶ 9). Both motions were granted, and removal proceedings commenced in Oakdale, Louisiana Immigration Court. (*Id.*). Plaintiff remained detained throughout the pendency of his removal proceedings. (Compl. ¶¶ 26-27).

On July 23, 2014, DHS issued Additional Charges of Inadmissibility/Deportability, Form I-261 ("I-261"), to supplement its April 28, 2003 Notice to Appear. (*See* Brooks Decl., Ex. B). In the I-261, DHS charged Plaintiff as removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of "a crime involving moral turpitude." (*Id*.). The I-261 cited Plaintiff's 2004 federal convictions as support. (*Id.).* On September 23, 2019 and December 10, 2014, Plaintiff admitted all the allegations contained within the Notice to Appear and I-261. (*See* Brooks Decl. ¶ 12; Brooks Decl., Ex. D, at 2). Based on those admissions, Plaintiff was found removable as charged. (*Id.*). On April 29, 2015, DHS issued a second Form I-261 alleging that Plaintiff is a native of Yugoslavia and is thus stateless. (*See* Brooks Decl., Ex. C).

On August 26, 2015, Plaintiff filed a motion to terminate his removal proceedings, claiming he had derived United States citizenship through his father. (*See* Brooks Decl, Ex. D at 2). In a written decision dated September 23, 2015, the Immigration Judge ("IJ") denied Plaintiff's motion to terminate. (*See id.* at 5). The IJ concluded that Plaintiff failed to meet his burden in substantiating his derivative citizenship claim pursuant to former Section 321(a)(3) of the Act, which requires "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents." 8 U.S.C. § 1432(a) (2000). (*Id.* at 3). The IJ found that although Plaintiff sufficiently demonstrated that both his admission to the United States as an LPR and his father's naturalization occurred before Plaintiff's eighteenth birthday, Plaintiff failed to establish by a preponderance of credible evidence that his parents were

legally separated by judicial decree, as required in the Fifth Circuit. (*Id.*). Moreover, even assuming the parents' legal separation, Plaintiff failed to establish that he was in his father's legal custody when his father became a United States citizen. (*Id.* at 5). Thereafter, at a September 24, 2015 hearing, the IJ found Plaintiff to be removable as charged and designated Kosovo as the country of removal. (*See* Brooks Decl. Ex. E, at 3).

Plaintiff appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*See* Brooks Decl., Ex. F). On March 8, 2016, the BIA affirmed the IJ's decision, concluding that Plaintiff had not satisfied the statutory requirements for automatic acquisition of United States citizenship under former section 321(a) of the INA. (*Id.*). The BIA's decision was sent to Plaintiff and served to Plaintiff's counsel with an attached letter, which expressly notified Plaintiff that "any petition for review of the [BIA] decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision." (*Id.* at 1).

On June 6, 2016, DHS released Plaintiff from ICE custody on an order of supervision. (*See* Brooks Decl., Ex. G). The Release Notification informed Plaintiff that "[t]his release does not affect [Plaintiff's] removal order and does not constitute an admission to the United States." (*Id*). Plaintiff signed and acknowledged the conditions of release under the order of supervision. (*Id*). Defendants maintain that Plaintiff was released "following a determination that there was no significant likelihood of removal in the reasonably foreseeable future because Kosovo refused to issue travel documents for [Plaintiff]." (Brooks Decl. ¶ 19).

    **B.**    **Procedural History**

Plaintiff, through counsel, filed the instant action on January 11, 2018. (ECF 1). On May 15, 2018, Plaintiff's counsel moved to withdraw. (ECF 16). This Court granted the motion to

5

withdraw at the Initial Conference held on May 30, 2018, and stayed briefing on Defendants'
then-anticipated motion to dismiss, for Plaintiff to find new counsel. Plaintiff did not obtain
new counsel; instead, he filed a Notice of Pro Se Appearance on August 8, 2018. (ECF 24).
Defendants filed their motion to dismiss on October 10, 2018. (ECF 27). Plaintiff opposed the
motion on October 19, 2018 (and thereafter sent four letters relating to his opposition). (ECF
31-35). Defendants replied on December 3, 2018. (ECF 36).

### C. Plaintiff's Claims

Plaintiff brings this suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*, which provides a limited waiver of sovereign immunity of United States in limited circumstances. In relevant part, the FTCA authorizes suits against the government for claims "arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ." 28 U.S.C. § 2679(b)(1). Plaintiff maintains that he is a citizen of the United States and thus should never have been detained. He brings claims for negligence, negligent training, hiring and supervision, false imprisonment, and "other causes of action available under the [FTCA]." (Comp. ¶ 31-32).

## II. Discussion

### A. The Rule 12(b)(1) Motion

To the extent Plaintiff seeks a judicial determination that he is a United States citizen, this Court lacks subject matter jurisdiction to adjudicate his claim. Additionally, to the extent Plaintiff seeks monetary damages for tort claims under the FTCA, this action must be dismissed for lack of subject matter jurisdiction for two reasons: (1) Plaintiff's claim falls within the "due

6

care" exception to the FTCA's general waiver of tort immunity; and (2) Plaintiff has failed to plead and prove exhaustion of his administrative remedies.

1. **Subject Matter Jurisdiction**

Subject matter jurisdiction "refers to a tribunal's power to hear a case," *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) (internal quotations and citations omitted), and "represents 'the extent to which a court can rule on the conduct of persons or the status of things.'" *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting Black's Law Dictionary 870 (8th ed. 2004)). The requirement of subject matter jurisdiction "can never be forfeited or waived," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton,* 535 U.S. 625, 630 (2002)), and may be raised "at any time." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (citing *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740 (1976)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A court properly dismisses an action under Rule 12(b)(1) if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Scroggins v. Scroggins*, 15-CV-9524, 2017 WL 1047356, at *3 (S.D.N.Y. Mar. 16, 2017) (Engelmayer, J.) (quoting *Cortlandt St. Recovery Corp. v. Hallas Telecomms. S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015)).

2. **Legal Standard**

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Where, however, a party challenges a court's jurisdiction, the court

may "refer to evidence outside the pleadings" in evaluating any disputed jurisdictional fact, such as affidavits and matters of which judicial notice may be taken. *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *see also Tandon*, 752 F.3d at 243 ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *Wolffing v. McLaughlin*, 12-CV-189 (JGM), 2013 WL 1702638, at *1 (D. Vt. Apr. 19, 2013) (considering orders from underlying state and bankruptcy proceedings in a motion to dismiss for lack of subject matter jurisdiction). If such evidence "'reveal[s] the existence of factual problems' in the assertion of jurisdiction," the plaintiff "will have to come forward with evidence of [his] own to controvert that presented by the defendant[s]." *Carter v. Healthport Techs, Inc.*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Exchange Nat'l Bank of Chic. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Ruiz v. United States*, No. 17-CV-6727 (JFK), 2019 WL 952712, at *1 (S.D.N.Y. Feb. 27, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### 3. Dismissal of this Action is Warranted Against the Named Agencies and Individuals for Lack of Subject Matter Jurisdiction

As a preliminary matter, the FTCA expressly provides that "only the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chemical Co., Inc. v. U.S.*, 810 F.2d 34, 37 n.1 (2d Cir. 1987) (citing 28 U.S.C. § 2679(a)); *see also Southeast Grand Street Guild Fund Co., Inc. v. U.S. Dept. of Housing and Urban Devel.*, No. 91-CV-8358 (TPG),1992 WL 73419, at *7 (S.D.N.Y. Mar. 31, 1992) (dismissing FTCA claim against HUD); *Myers & Myers, Inc. v. U.S. Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975) (dismissing FTCA

claim against two Postal Service employees). There is, therefore, no basis for any claim against the FBP, the DOJ, the DHS, or ICE, the four individuals named in their official capacities, or the four unnamed John Does.

### 4. This Court Does Not Have Subject Matter Jurisdiction to Adjudicate Plaintiff's Citizenship Claim

Defendants are correct that this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim to citizenship. An individual can seek judicial review of a derivative citizenship claim in only two ways: a § 1503(a) petition in district court or an appeal from a removal order. *See Lainez v. Osuna*, No. 17-CV-2278 (HBP), 2018 WL 1274896 (S.D.N.Y. Mar. 8, 2018); *Bogle v. Dubois*, 236 F. Supp. 3d 820, 822 (S.D.N.Y. 2017). Neither applies here. First, Plaintiff cannot bring an action seeking a declaration of citizenship under 8 U.S.C. § 1503(a) because the dispute over Plaintiff's citizenship arose and was litigated in Plaintiff's removal proceedings. *See* 8 U.S.C. § 1503(a) ("no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this or any other act, or (2) is in issue in any such removal proceeding."). Second, to properly appeal the removal order, Plaintiff needed to petition for review of the BIA's decision in the applicable circuit court of appeals. *See* 8 U.S.C. § 1252(b)(1), (b)(2) (petition for review of final order of removal must be filed in applicable court of appeals within 30 days). Plaintiff cannot contest the BIA's decision in district court. Thus, to the extent

Plaintiff seeks review of his citizenship claim, this Court is not the proper forum and this action is not the appropriate means of doing so.[5]

### 5. Dismissal of this Action is Warranted Due to Lack of Subject Matter Jurisdiction Because Plaintiff's Claim Falls Under the "Due Care" Exception to the FTCA's General Waiver of Tort Immunity

Section 2860(a) provides, in relevant part, that the FTCA's waiver of sovereign immunity "shall not apply to . . . [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute of regulation, whether or not such statute or regulation be valid." 28 U.S.C. § 2860(a). "To determine whether the due care exception bars a particular claim, we apply a two-part analysis." *Welch v. U.S.*, 409 F.3d 646, 652 (4th Cir. 2005) (citing *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995). Courts first ask whether a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Crumpton*, 59 F.3d at 1403 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "Second, if a specific action is mandated, we inquire as to whether the officer exercised due care in following the dictates of that statute or regulation." *Welch*, 409 F.3d at 652. "If due care was exercised, sovereign immunity has not been waived." *Id.* at 652.

Here, the Government first detained Plaintiff pursuant to 8 U.S.C. § 1226(c)(1)(B), which requires the pre-removal-order detention of criminal aliens. *See* 8 U.S.C. § 1226(c)(1)(B) ("[t]he Attorney General *shall* take into custody any alien who . . . is deportable by reason of having

---

[5] Plaintiff may also be collaterally estopped from litigating his claim to United States citizenship based on the BIA's final order of removal. *See Purdy v. Zeldes*, 337 F.3d at 258 ("Under federal law, collateral estoppel applies when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'")(footnotes and citation omitted); *see also Harrison v. Lutheran Med. Ctr.*, 468 F. App'x 33, 35 (2d Cir. 2012); *Marvel Characters, Inc. v. Simon*, 310 F.3d at 288–89 (citing *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)).

committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title") (emphasis added). After Plaintiff admitted the allegations in the Notice to Appear and the I-261 and both an Immigration Judge and the BIA found him removable, Plaintiff remained detained pursuant to 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detail the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) . . . of this title or deportable under section 1227(a)(2) . . . of this title."). The "shall" language in both statutes prescribes a mandatory course of action. Thus, because the decision to detain Plaintiff was statutorily required, the first prong of the *Crumpton* test is met.

As to the second prong of the *Crumpton* test—whether the immigration authorities acted with "due care" in the execution of their statutorily prescribed duty—Plaintiff has not alleged that ICE officers "carried out their responsibilities in an inappropriate manner, or in any way deviated from the statute's requirements." *Welch*, 409 F.3d at 652. Instead, Plaintiff's "complaint is with the officers' decision to detain him in the first instance." *Id*. Plaintiff repeatedly asserts that he is a United States citizen and thus should never have been detained; however, he fails to inform the Court that an Immigration Judge and the BIA had previously rejected his derivative citizenship claim and found him removable. Plaintiff is thus subject to a final order of removal. Therefore, "it cannot be said that the officers acted with anything other than due care." *Id*. Because the "due care" exception applies, the United States has not consented to be sued, and the Court must dismiss the case. *See id.* (finding that "due care" exception applied to prevent alien from recovering on false imprisonment theory for his

detention for more than 420 days while awaiting deportation); *Nwozuzu v. United States*, No. 14-CV-8589, 2015 WL 4865772 (LGS) (S.D.N.Y. Aug. 12, 2015) (dismissing FTCA claim for lack of subject matter jurisdiction based on the "due care exception" where Plaintiff, a United States citizen, was detained pursuant to statute that authorizes the mandatory detention of aliens).

**6.    Dismissal of this Action is Warranted Due to Lack of Subject Matter Jurisdiction Because Plaintiff Has Failed to Exhaust His Administrative Remedies**

For this Court to have jurisdiction over Plaintiff's claims, Plaintiff must satisfy all of the FTCA's requirements. *See In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *Morales v. United States*, 38 F.3d 659, 660 (2d Cir. 1994) (requiring a plaintiff who sues the United States to "compl[y] with all statutory and regulatory prerequisites to such a suit."). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements [of the FTCA]." *In re Agent Orange*, 818 F.2d at 215 (citation omitted). The FTCA plainly states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b). Failure to exhaust administrative remedies "foreclose[s]" a plaintiff from invoking the FTCA to secure jurisdiction over the United States. *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998); *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (characterizing the exhaustion requirement as a "jurisdictional" prerequisite to suit that "cannot be waived").

Here, Plaintiff fails to meet his burden in pleading and proving that he exhausted his administrative remedies before filing this suit in federal court. Plaintiff has failed to allege that he sought agency relief from DHS prior to initiating this lawsuit. Accordingly, the matter should be dismissed for lack of subject matter jurisdiction. *See Bellanich v. Doe*, 164 Fed. Appx. 193 (2d Cir. 2006) (affirming district court's *sua sponte* dismissal and finding that the "district court properly concluded that it lacked subject matter jurisdiction over [the plaintiff's] tort claim against the Veterans Administration because [the plaintiff] failed to allege or demonstrate that he had timely exhausted administrative remedies under the FTCA") (citing *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999)); *see also Wang v. United States*, 61 F. App'x 757, 759 (2d Cir. 2003) (finding failure to file an administrative claim within the specified two-year period "may operate as a jurisdictional bar to proceeding in federal court"); *Alkatabi v. U.S. Dep't. of Justice I.N.S. Service*, 777 F. Supp. 271, 274 (S.D.N.Y. 1991) (dismissing FTCA claim against the INS where Plaintiffs did not "pursue agency relief prior to initiating this lawsuit"); *Southeast Grand Street Guild Fund Co., Inc. v. U.S. Dept. of Housing and Urban Devel.*, 1992 WL 73419, *7 (S.D.N.Y. Mar. 31, 1992) ("[Plaintiff's tort claims] are nonetheless barred because there has been no administrative claim as required by 28 U.S.C. §2675.").

B. <u>**The Rule 12(b)(6) Motion**</u>

Even assuming, *arguendo*, that this Court had subject matter jurisdiction over Plaintiff's claim, the Court should still dismiss the action under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to state a plausible claim for relief for negligence, negligent training, hiring and supervision, false imprisonment, or any other cause of action under the FTCA.

1. **Legal Standard**

When presented with a motion to dismiss under Rule 12(b)(6), a court must accept as true all non-conclusory factual allegations in the plaintiff's complaint, together with the contents of any documents "integral" to the complaint and any matters of which the Court may take judicial notice, and draw all reasonable inferences in favor of the plaintiff. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, allegations in a complaint that are "contradicted by more specific allegations or documentary evidence are not entitled to a presumption of truthfulness." *Frigerio v. United States*, No. 10-CV-9086, 2011 WL 3163330, at *6 (S.D.N.Y. July 22, 2011). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 602, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff has not "nudged his claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

2. **Dismissal of this Action is Warranted for Failure to State a Claim**

Defendants argue that Plaintiff has failed to state a plausible claim for relief because Plaintiff has been adjudicated not to be a United States citizen. Therefore, according to Defendants, Plaintiff's purported FTCA claims, premised on his allegation that he is a United States citizen, must fail. The Court agrees. As discussed above, Defendants detained Plaintiff pursuant to 8 U.S.C. § 1226(c)(1)(B), which requires the pre-removal-order detention of criminal aliens. It directs, in pertinent part, that "[t]he Attorney General *shall* take into custody any alien

14

who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. 1226(c)(1)(B) (emphasis added). Plaintiff's detention was thus required under the law. Further, Plaintiff admitted the allegations in the Notice to Appear and the I-261. On the basis of Plaintiff's admissions, an Immigration Judge and the BIA found Plaintiff removable as charged. The court can take judicial notice of these decisions. *See Lia v. Sporito*, 909 F. Supp. 2d 149, 161 (E.D.N.Y. 2012) (citations omitted). Once Plaintiff's removal order became final on March 8, 2016 (the date of the BIA's decision), Plaintiff remained detained pursuant to 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal. Because Plaintiff had been adjudicated removable as charged, the Attorney General unquestionably had the authority to detain him from March 8, 2016 until his release on June 6, 2016.[6] Indeed, the Attorney General was statutorily required to do so. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detail the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) . . . of this title or deportable under section 1227(a)(2) . . . of this title."). Given these facts, it is not plausible to read Plaintiff's Complaint as stating a claim for negligence, negligent training, hiring and supervision, false imprisonment, or any other cause of action available under the FTCA. As such, the action should be dismissed for failure to state a claim.

---

[6] Section 1231(a) provides that ordinarily, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a). Plaintiff was released within 90 days of his final order of removal.

### III. Conclusion

For the foregoing reasons, I respectfully recommend that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED**.

### IV. Objections

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983)).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff.

Respectfully submitted,

*s/ Ona T. Wang*

Dated: June 26, 2019                                         **Ona T. Wang**
New York, New York                         United States Magistrate Judge